UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

In re    **William Thomas Jones**                           Case No.   **15-03173**

**Elizabeth Howard Jones**                                   Chapter   **13**
Debtor(s)

**NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.**

**I. NOTICE TO AFFECTED CREDITORS AND PARTIES IN INTEREST:** The above-captioned debtor[1] previously proposed a chapter plan and motions; debtor now moves, pursuant to 11 U.S.C § 1323 and Fed. R. Bankr. P. 2002(a)(5), to modify the proposed plan and motions as detailed below:

The plan is amended release a 2005 Nissan Trailblazer to Excel Financial, to indicate that the claims of SC Housing Corp. and all student loans will be handled directly by debtors outside of the plan, to adjust the treatment of all secured and executory claims based upon the claims filed, and to pay 100% to general unsecured creditors.

**Affected Creditors: All Creditors**

This modification to the chapter 13 plan and motions, and the remaining terms of the chapter 13 plan and motions set forth below, may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

    A.    ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan are highlighted by italics *(See SC LBR 3015-1 and 3015-2, and exhibits to SC LBR 3015-1 and 3015-2,* "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov). Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed andserved herewith.

    B.    DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.**
The debtor requests that confirmation of this plan alter the rights of the following creditor:

    A.    Nonpossessory, Nonpurchase-Money Lien: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

| Name of Creditor and description of property ~~securing~~ subject to this motion to avoid lien | Value of Debtor's interest in property ($) | Total of all other liens ($) | Exemption ($) | Estimated security interest/debt ($) | Security interest not avoided (see IV(B)(4) below) ($) | Security interest to be avoided (see IV(E) below) ($) |
|---|---|---|---|---|---|---|
| Cash Loan Company *306-4 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 916 | None | All |
| Cash Loan Company *922-7 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 916 | None | All |
| Credit Central *0013 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 665 | None | All |
| Credit Central *0063 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 862 | None | All |
| Credit Central *0064 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 862 | None | All |
| Credit Central *0065 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 1,239 | None | All |
| Mack's Finance *88-20 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 616 | None | All |
| Mainstream Lending (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 494 | None | All |
| Makers Financial Group *78-16 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 1,188 | None | All |
| National Finance (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 669 | None | All |
| National Finance *2320 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 669 | None | All |
| Regional Finance *9057 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 2,242 | None | All |
| Regional Finance *9427 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 1,686 | None | All |
| Security Finance *0492 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 1,768 | None | All |
| Security Finance *9074 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 1,517 | None | All |
| Southern Finance *6083 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 1,080 | None | All |
| Southern Finance *6107 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 480 | None | All |
| World Finance *7201 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 1,769 | None | All |
| World Finance Corp. *1701 (all personal property listed in security agreement) | 9,675 | Unknown | 9,675 | 2,487 | None | All |

B. <u>Judicial Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of Creditor and description of property ~~securing~~ subject to this motion to avoid lien | Estimated judicial lien ($) | Total of all senior/ unavoidable liens ($) | Applicable Exemption ($) - and Code Section | Value of the debtor's interest in property ($) | Judicial lien not avoided ($) | Judicial lien avoided ($) |
|---|---|---|---|---|---|---|
| Guy Roofing *0217 (Residence) | 100 | 83,744 | 50,000 S.C. Code 15-41-30 (A) (1) | 126,000 | None | All |

C. <u>Valuation of Security</u>: The debtor moves, pursuant to 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property ~~securing~~ subject to this motion to establish the value of a lien | Value of Debtor's interest in property ($) | Holder and amount of superior liens | Estimate of creditor's claim ($) | Value of lien (see IV(B)(4) below) ($) | Unsecured claim after valuation (see IV(E) below) ($) |
|---|---|---|---|---|---|
| Excel Financial (Chevrolet) (2006 Chevrolet Trailblazer; 190,000 Miles) | 3,500 | None | 5,000 | 3,500 | 1,500 |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected:

| Name of creditor and lease or contract to be assumed | Amount of regular payment ($) | Estimated amount of default (state if none) ($) | Cure provisions for any default paid by ~~(debtor or~~ trustee~~)~~ without interest ($)/month | Regular payments to be paid by debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| Aaron's Sales | 362 | 600 | 50 | 7/2015 |
| Graceland Rentals | 424 | 424 | 12 | 7/2015 |

### III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee")</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of $ **800** per month for a period of **5** months, *and then $ **1,010** per month for a period of **55** months,* unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

B. Payments from the debtor directly to creditors: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

C. *Pay order request:* **A pay order is not authorized.**

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor</u>:

1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of $ **3,500** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $ **447** was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows:

---

[2] For co-owned property, see <u>In re Ware</u>, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and prepetition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

B. Secured Creditor Claims: The plan treats secured claims as follows:

1. General Provisions: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2. Long-term or mortgage debt. No default: **Not Applicable**

3. Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):

    a. Arrearage payments.

The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to **Specialized Loan Serv** at the rate of $ **69** or more per month, for **Residence**, along with **0**% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

    b. Maintenance of regular non-arrearage payments:

Beginning **July 2015**, the Debtor shall pay directly to ~~the creditor~~ **Specialized Loan Serv** non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4. Secured portion of claims altered by valuation and lien avoidance:

The trustee shall pay **Excel Financial (Chevrolet)** the sum of $ **125** or more per month, along with **5.25** % interest until the secured claim of $ **3,500** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

5. Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien): **Not Applicable**

6. Surrender of property:

The debtor will surrender the following property upon confirmation of the plan:

**Excel Financial (Nissan) - 2005 Nissan Frontier**

The order confirming plan shall terminate the automatic stay as to that property. Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

7. Secured tax debt:

The trustee shall pay **Internal Revenue Service** the sum of $ **355** or more per month until the **Value** of creditor's secured claim, *estimated at* $ **12,980.14** *based upon the schedules filed in this case*, plus **5.25** % interest has been paid. ~~If the lien is to be valued,~~ *If a secured claim is filed for a higher amount,* the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

8. Special secured debts.

**SC Housing Corp.: This claim is for a forgiveable grant and it will be handled directly by debtors outside the plan.**

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

C. <u>Priority Creditors</u>: Priority claims shall be paid as follows:

1. Domestic Support Claims. 11 U.S.C. § 507(a)(1):

   a. Pre-petition arrearages. **Not Applicable**

   b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

   c. Any party entitled to collect child support or alimony under applicable nonbankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

2. <u>Other Priority debt</u>. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis.

D. <u>Executory Contracts and Unexpired Leases</u>: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments ~~of the sum of $ (payment amount) or more per month~~ by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. <u>General Unsecured Creditors</u>: General unsecured creditors shall be paid allowed claims pro rata by the trustee to the extent that funds are available after payment of all other allowed claims *except as indicated below*. The debtor **does** propose to pay 100% of general unsecured claims.

1. *Exceptions:* **The claims of S.C. Student Loan Corp. and the US Dept of Education for student loans will be paid directly by debtors outside the plan.**

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION**: Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

___11/12/15___
Date

___/s/ Edward L. Bailey___
Edward L. Bailey, Attorney at Law
251 South Pine Street
Spartanburg, South Carolina 29302
District Court I.D. No. 1153

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | | |
|---|---|---|---|
| In re | **William Thomas Jones** | Case No. | **15-03173** |
| | **Elizabeth Howard Jones** | Chapter | **13** |
| | Debtors | | |

**Certificate of Service**
(Notice of Plan Modification Before Confirmation, Modified Chapter 13 Plan and Related Motions)

ALL CREDITORS scheduled in the pending bankruptcy case and other parties in interest entitled to notice were served with the NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION, etc. by mailing a copy of the same on the date below, first class mail, postage paid, to them at the addresses indicated on the attached mailing matrix.

_11/12/15_
Date

_[signature]_
Edward L. Bailey
251 South Pine Street
Spartanburg, South Carolina 29302

THE TRUSTEE was served with the NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION, etc. by filing a copy of the same, electronically through CM/ECF.

_[signature]_
Edward L. Bailey, Attorney at Law
251 South Pine Street
Spartanburg, South Carolina 29302

Label Matrix for local noticing
0420-7
Case 15-03173-hb
District of South Carolina
Spartanburg
Thu Nov 12 08:55:59 EST 2015

AARON'S SALES AND LEASE
1250 W FLOYD BAKER BLVD
GAFFNEY SC 29341-1414

Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601-4303

Edward L. Bailey
251 South Pine St.
Spartanburg, SC 29302-2626

Edward L. Bailey
Bailey Law Firm
251 South Pine St.
Spartanburg, SC 29302-2626

CAINE & WEINER
PO BOX 5010
WOODLAND HILLS CA 91365-5010

CARDIOLOGY CONSULTANTS
1083 BOILING SPRINGS ROAD
SPARTANBURG SC 29303-2298

CASH LOAN COMPANY
405 N LIMESTONE STREET
GAFFNEY SC 29340-3139

CC WACO/FINANCIAL CONTROL SERVICES
105 DEANNA ST
ROBINSON TX 76706-5319

CC WACO/FINANCIAL CONTROL SERVICES
6801 SANGER AVE
SUITE 195
WACO TX 76710-7804

CHEROKEE MENTAL HEALTH CENTER
125 E ROBINSON STREET
GAFFNEY SC 29340-2444

(p)CHOICE RECOVERY INC
1550 OLD HENDERSON ROAD
STE 100
COLUMBUS OH 43220-3662

COMPREHENSIVE HOSPITALIST SERV
PO BOX 732472
DALLAS TX 75303-2472

CREDIT CENTRAL
421 N. LIMESTONE STREET
GAFFNEY SC 29340-3139

CREDIT CENTRAL
700 E NORTH ST STE 15
GREENVILLE SC 29601-3013

CREDIT CENTRAL
DBA CREDIT PLUS
1100 W FLOYD BAKER BLVD STE B
GAFFNEY SC 29341-1463

CREDIT MANAGEMENT LP
4200 INTERNATIONAL PKWY
CARROLLTON TX 75007-1912

DBA PARAGON REVENUE GR
PO BOX 126
CONCORD NC 28026-0126

EXCEL FINANCIAL
1105 W FLOYD BAKER BLVD
GAFFNEY SC 29341-1411

EXCEL FINANCIAL SERVICES
1105 W FLOYD BAKER BLVD
GAFFNEY SC 29341-1411

GLA COLLECTION CO INC
2630 GLEESON LN
LOUISVILLE KY 40299-1772

GRACELAND RENTALS
PO BOX 1000 DEPT #162
MEMPHIS TN 38148-0162

GREAT LAKES
PO BOX 530229
ATLANTA GA 30353-0229

GUY ROOFING
201 JONES ROAD
SPARTANBURG SC 29307-5424

HOMETOWN OXYGEN
2820 SELWYN AVE STE 785
CHARLOTTE NC 28209-1785

Gretchen D. Holland
20 Roper Corners Circle, Suite C
Greenville, SC 29615-4833

INTERNAL REVENUE SERVICE*
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

Elizabeth Howard Jones
108 Salem Road
Gaffney, SC 29340-3618

William Thomas Jones
108 Salem Road
Gaffney, SC 29340-3618

MACK'S FINANCE
601 N LIMESTONE STREET
GAFFNEY SC 29340-2436

Étiquettes faciles à peler
Utilisez le gabarit AVERY® 5160®
Sens de chargement
Repliez à la hachure afin de révéler le rebord Pop-upMC
www.avery.com
1-800-GO-AVERY

| | | |
|---|---|---|
| MAINSTREAM LENDING<br>1005 A W. FLOYD BAKER BLVD<br>GAFFNEY SC 29341-1409 | MAINSTREAM LENDING<br>1005 D W. FLOYD BAKER BLVD<br>GAFFNEY SC 29341-1409 | MAKERS FINANCIAL GROUP<br>DBA MAKERS FINANCE<br>1009 W FLOYD BAKER BLVD<br>GAFFNEY SC 29341-1409 |
| MED DATA SYS<br>2120 15TH AVE<br>VERO BEACH FL 32960-3436 | MIDLAND CREDIT MANAGEMENT INC<br>AS AGENT FOR MIDLAND FUNDING LLC<br>PO BOX 2011<br>WARREN, MI 48090-2011 | MIDLAND FUNDING<br>8875 AERO DR STE 200<br>SAN DIEGO CA 92123-2255 |
| NATIONAL FINANCE<br>124 WILLIS PLAZA<br>GAFFNEY SC 29341-1500 | NC DEPARTMENT OF REVENUE<br>PO BOX 25000<br>RALEIGH NC 27640-0150 | NORTH CAROLINA DEPARTMENT OF REVENUE<br>ANGELA C FOUNTAIN BANKRUPTCY MANAGER<br>COLLECTIONS EXAMINATION DIVISION<br>NORTH CAROLINA DEPARTMENT OF REVENUE<br>PO BOX 1168<br>RALEIGH NC 27602-1168 |
| OFFICE OF ATTORNEY GENERAL*<br>US DEPT OF JUSTICE<br>950 PENNSYLVANIA AVENUE, NW<br>WASHINGTON DC 20530-0001 | Porania LLC<br>P. O. Box 11405<br>Memphis, TN 38111-0405 | REC MGT GRP<br>2901 UNIVERSITY AV<br>COLUMBUS GA 31907-7606 |
| REC MGT GRP<br>PO BOX 6070<br>COLUMBUS GA 31917-6070 | REGIONAL FINANCE<br>515 N LIMESTONE STREET<br>GAFFNEY SC 29340-2434 | REGIONAL MANAGEMENT CORPORATION<br>PO BOX 776<br>MAULDIN, SC 29662-0776 |
| Recovery Management Systems Corporation<br>25 SE Second Avenue<br>Suite 1120<br>Miami, FL 33131-1605 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Regional Managament Corporation<br>PO Box 776<br>Mauldin, SC 29662-0776 |
| S.C. Student Loan Corp<br>P.O Box 102425<br>Columbia, SC 29224-2425 | SC DEPT OF REVENUE*<br>PO BOX 12265<br>COLUMBIA SC 29211-2265 | SC HOUSING CORP. *<br>ATTN: TRACEY C. EASTON, AGT<br>300-C OUTLET POINTE BOULEVARD<br>COLUMBIA SC 29210-5652 |
| (p)SC STUDENT LOAN CORP<br>PO BOX 102423<br>COLUMBIA SC 29224-2423 | SCA<br>P O BOX 910<br>EDENTON NC 27932-0910 | SECURITY FIN<br>317 N LIMESTONE STREET<br>GAFFNEY SC 29340-3137 |
| SFC Central Bankruptcy<br>P.O. Box 1893<br>Spartanburg, S.C 29304-1893 | SOUTHERN CA<br>2420 PROFESSIONAL<br>ROCKY MOUNT NC 27804-2253 | SOUTHERN FINANCE<br>410 N. LIMESTONE STREET<br>GAFFNEY SC 29340-3140 |
| SPARTANBURG MEDICAL CENTER<br>1001 N PINE STREET<br>SPARTANBURG SC 29303-3153 | SPECIALIZED LOAN SERVI<br>ATTN: BANKRUPTCY<br>8742 LUCENT BLVD. SUITE 300<br>HIGHLANDS RANCH CO 80129-2386 | SPECIALIZED LOAN SERVI<br>PO BOX 105219<br>ATLANTA GA 30348-5219 |

Étiquettes faciles à peler
Utilisez le gabarit AVERY® 5160®
Sens de chargement
Repliez à la hachure afin de révéler le rebord Pop-up MC
www.avery.com
1-800-GO-AVERY

Easy Peel® Labels | ▲ | Bend along line to | AVERY® 5160®
Use Avery® Template 5160 3173-hb | Doc 16 Filed 11/12/15 Feed Paper expose Pop-up Edge™ Entered 11/12/15 09:15:35 Desc Main
Document    Page 9 of 9

| | | |
|---|---|---|
| TEK-COLLECT INC<br>871 PARK ST<br>COLUMBUS OH 43215-1441 | TRANSWORLD SYS INC/51<br>507 PRUDENTIAL RD<br>HORSHAM PA 19044-2308 | The Bank of NY Mellon Trust Co. NA,Trustee(S<br>c/o Specialized Loan Servicing LLC<br>8742 Lucent Blvd Suite 300<br>Highlands Ranch, CO 80129-2386 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly St.<br>Suite 953<br>Columbia, SC 29201-2448 | U S DEPT OF ED/GSL/ATL<br>PO BOX 4222<br>IOWA CITY IA 52244 | UNITED STATES ATTORNEY *<br>DISTRICT OF SOUTH CAROLINA<br>1441 MAIN STREET, STE 500<br>COLUMBIA SC 29201-2897 |
| UPSTATE CAROLINA RADIOLOGY<br>C/O RECEIVABLE MANAGEMENT<br>2901 UNIVERSITY AVE. #29<br>COLUMBUS GA 31907-7601 | UPSTATE SC EMERGENCY<br>C/O PHOENIX FINANCIAL SERVICES<br>PO BOX 361450<br>INDIANAPOLIS IN 46236-1450 | US DEPT OF ED/GLELSI<br>PO BOX 7860<br>MADISON WI 53707-7860 |
| US DEPT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON, WI 53708-8973 | US DEPT. OF EDUCATION<br>PO BOX 105028<br>ATLANTA GA 30348-5028 | VERIZON<br>1 VERIZON PL<br>ALPHARETTA GA 30004-8510 |
| VERIZON<br>500 TECHNOLOGY DR<br>STE 550<br>WELDON SPRING MO 63304-2225 | WESTERN SHAMROCK D.B.A. NATIONAL FIANCE CO<br>801 S ABE ST<br>SAN ANGELO, TX 76903-6735 | WORLD FINANCE CORP<br>523 N LIMESTONE ST<br>GAFFNEY SC 29340-2434 |
| WORLD FINANCE CORP<br>WORLD ACCEPT CORP./ATTN BK<br>PO BOX 6429<br>GREENVILLE SC 29606-6429 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| CHOICE RECOVERY<br>1550 OLD HENDERSON RD ST<br>COLUMBUS OH 43220-0000 | SC STUDENT LOAN CORP<br>PO BOX 21487<br>COLUMBIA SC 29221-0000 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Edward L. Bailey<br>251 South Pine Street<br>Spartanburg, SC 29302-2626 | (d)U S Dept of Ed/Gsl/Atl<br>Po Box 4222<br>Iowa City, IA 52244 | (d)WORLD FINANCE CORP<br>WORLD ACCEPT CORP/ATTN BK<br>PO BOX 6429<br>GREENVILLE SC 29606-6429 |